## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:18-cr-00029-001-TRM-MJD |
| v. | ) | |
| | ) | |
| FREDRICK LEBRON FORTSON, JR. | ) | |

### MEMORANDUM AND ORDER

FREDRICK LEBRON FORTSON, JR. ("Defendant") came before the Court for an initial appearance on February 9, 2025, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 47].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Michael Henry of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Scott Winne explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant waived a preliminary hearing but requested a detention hearing. At counsel's request, the hearing was delayed until February 17, 2026.

The Court conducted the detention hearing on the scheduled date. At the hearing, the Government was represented by AUSA Chris Poole, and Defendant was represented by Attorney Michael Henry. The parties relied upon the information in the Petition [Doc. 47]; the testimony of United States Probation Officer Jennifer LaFerry; Detective Walker Daugherty with the Chattanooga Police Department; paystubs related to Defendant's employment which were introduced by Defendant's counsel; and a Chattanooga Police Incident Report, as well as photos of Defendant's drivers licenses and illegal controlled substances found in his bedroom, which documents were introduced by AUSA Poole. Both attorneys were given an opportunity to proffer

1

evidence and to argue their positions to the Court.

The Petition recites two conditions of supervision violated by Defendant, *to wit*:

- **Mandatory Condition:** You must not commit another federal, state, or local crime.

- **Mandatory Condition:** You must not unlawfully possess a controlled substance.

The sworn Petition details facts giving rise to violations of these conditions of supervision. More specifically, after Defendant served a 92-month term of imprisonment for possession of a firearm by a convicted felon, he started his period of supervised release on March 29, 2024. Thereafter, Defendant engaged in the following conduct which forms the basis for the allegations that he violated conditions of his supervised release:

- On August 10, 2025, Defendant was arrested by the Chattanooga Police Department and charged with: (1) False Reports; and (2) Leaving the Scene of an Accident. By way of background, Defendant's Chevrolet Blazer was involved in a vehicle accident on August 10, 2025. Defendant and another male ran from the scene of the accident. Defendant called police dispatch to report that his vehicle had been stolen. A police investigation revealed that Defendant's vehicle had not been stolen, and that he was in the vehicle at the time it was involved in an accident with another motorist. Defendant subsequently pled nolo contendre to a 911 violation in connection with this incident and received a six-month sentence (suspended).

- On January 16, 2026, Chattanooga Police Department Detective Walker Daugherty and other officers executed a search warrant related to a residence occupied by Defendant and his brother Marcus Fortson. In the course of that search, police entered Defendant's locked bedroom and found drug paraphernalia, including two large bags containing marijuana residue, and over two pounds of marijuana. Two drivers licenses belonging to Defendant were also found in his bedroom. Defendant was charged by Chattanooga police with Possession of Drug Paraphernalia and Resale of Illegal Narcotics. Defendant's brother, Marcus Fortson, was found with a large quantity of crack cocaine in his vehicle, and a search of his part of the residence resulted in the discovery of distribution quantities of methamphetamine and fentanyl, as well as cocaine and marijuana.

The Court finds that probable cause exists to demonstrate that Defendant has violated conditions of his supervised release. With respect to the detention hearing, the Court is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not presently pose a danger to any other person or to the community. Defendant crashed his vehicle and then lied to police about it. Police also discovered strong evidence that Defendant is dealing illegal controlled substances out of his residence. The Court

finds that Defendant's pattern of conduct does pose a danger to any other person or to the community. That said, Defendant has been generally compliant with the requirement that he communicate with his probation officer. Therefore, the Court does not find that Defendant is a risk of flight. For the foregoing reasons, the Court granted the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Probable cause exists to demonstrate that Defendant has violated conditions of his supervised release.

2. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

3. Counsel for Defendant and the Government shall confer and make best efforts to submit to Chief United States District Judge Travis R. McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition.

4. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall request a hearing before Chief Judge McDonough.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE